UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Ran Gao,

                              Petitioner,

           -against-

Todd Lyons, *et al.*,

                            Respondents.
-----------------------------------------------------------------X

**ORDER**
26-CV-00043 (DG)

DIANE GUJARATI, United States District Judge:

On January 5, 2026, Petitioner Ran Gao, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus. *See* Petition, ECF No. 1 (referencing 28 U.S.C. § 2241). By Order dated January 6, 2026, the Court directed Petitioner to "indicate where he was detained at the time the Petition was filed and where he presently is detained." *See* January 6, 2026 Order.

On January 6, 2026, Petitioner filed a motion in which he requests that this case be transferred and that an additional Respondent be added to the caption of the case. *See* ECF No. 3 (representing that Petitioner is detained in Natchez, Mississippi and that his "immediate custodian" is "Rafael Vergara, Warden of Adams County Correctional Center ('ACCC') in Natchez, Mississippi").

By letter filed on January 9, 2026, Respondents consent to the transfer of this action to the United States District Court for the Southern District of Mississippi. *See* ECF No. 4 at 1-2 (ECF-generated pagination) (stating that "Respondents agree that the Court should transfer this action to the United States District Court for the Southern District of Mississippi, where ACCC is located, because Petitioner was detained at ACCC when he commenced this action" and citing, *inter alia*, *Ozturk v. Hyde*, 136 F.4th 382 (2d Cir. 2025)); *see also* ECF No. 4 at 3-4 (ECF-generated pagination) (Declaration of Supervisory Detention and Deportation Officer Kareem

Johnson, representing that Petitioner "has remained continuously detained" at ACCC in Natchez, Mississippi since October 25, 2025).[1]

In light of the fact that Petitioner was located in the Southern District of Mississippi at the time that he filed the Petition, Petitioner's transfer request is granted and the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Mississippi. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Ozturk*, 136 F.4th at 391-92; 28 U.S.C. § 1631.[2] The decision on Petitioner's request that an additional Respondent be added to the caption of the case is reserved for the transferee court.

The provision of Local Civil Rule 83.1 requiring a seven-day delay between a transfer order and the effectuation of the transfer is waived.

The Clerk of Court is directed to close this case and to mail a copy of this Order to Petitioner.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: January 12, 2026
Brooklyn, New York

---

[1] Natchez, Mississippi is within the Southern District of Mississippi. *See* 28 U.S.C. § 104(b).

[2] Upon review of the record to date and under the circumstances here, the Court has concluded that transfer is in the interest of justice. Notably, Respondents do not request that the Court dismiss – rather than transfer – the action.