IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAN GAO                                                                PETITIONER

V.                                            Cause No. 5:26-cv-00007-DCB-BWR

TODD LYON                                                             RESPONDENTS
*U.S. Immigration and Customs*
*Enforcement (ICE)* et al.

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

pro se by Ran Gao, a former immigration detainee. Petitioner has been released from

U.S. Immigration and Customs Enforcement (ICE) custody. His Petition is moot and

should be dismissed.

I. BACKGROUND

On January 5, 2026, Petitioner filed his Petition seeking immediate release

from immigration detention. Pet. [1] at 3. On March 17, 2026, the Court issued an

Order to Show Cause to all parties because ICE's Online Detainer Locator System

indicated that Petitioner was no longer in ICE custody. Order [10]. On March 27,

2026, Respondents filed a response, informing the Court that "Petitioner was released

from ICE custody on February 10, 2026." Resp't Resp. [11] at 1. Petitioner did not file

a response to the Order to Show Cause.

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990) "To invoke the jurisdiction of a federal court, a litigant must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.*   The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48.

The Petition seeks Petitioner's release from ICE custody and is now moot because Petitioner has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally provid[ing] a means to seek release from unlawful detention"). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### III. RECOMMENDATION

It is recommended that the Petition [1] be dismissed because it is moot.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report

and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 6th day of April 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3